**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

In re:                                                         **Case No.:15-19165-JKO**
                                                                **Chapter 7**

**Roberto Arredondo**

            **Debtor.**
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

The Trustee, Chad S. Paiva, by and through undersigned counsel, hereby files this Motion to Approve Stipulation to Compromise Controversy between Chad S, Paiva, Trustee ("Trustee")**,** the Debtor, Roberto Arredondol ("Debtor")**,** FTT International Corp. and Stephanie Arredondo, pursuant to F.R.B.P. 9019 and 2002, and states as follows:

1.      Attached hereto is a copy of the signed Stipulation to Compromise Controversy ("Stipulation") that has been entered into between parties hereto.  PLEASE REVIEW THE STIPULATION TO COMPROMISE CONTROVERSY WHICH CONTAINS THE FULL TERMS OF THE SETTLEMENT BETWEEN THE PARTIES. This motion contains only a summary of the relevant settlement terms.

2.      This case was commenced by the filing of a voluntary petition by the Debtor on May 19, 2015.

3.      Chad S. Paiva is the duly appointed and qualified chapter 7 Trustee in this case.

4.      On or about April 13, 2015, 36 days before the petition in this case was filed, the Debtor transferred $62,000.00 to his daughter, Stephanie Arredondo (SS-xxx-xx-9062).  The Debtor testified that the transfer was made to his daughter for college tuition, living and other expenses.

1

5.    The transfer, which was discovered by the Trustee prior to the initial meeting of creditors pursuant to 11 U.S.C. §341(a) scheduled for June 23, 2015, was not disclosed by the Debtor on his initial schedules.

6.    The Trustee takes the position that the transfer set forth in paragraph 3 above is a voidable transfer under 11 U.S.C. §548(a)(1) and applicable state law.

7.    The Trustee takes the position that the Debtor made material and knowing false oaths and omissions on his bankruptcy papers.

8.    The Trustee takes the position that he maintains claims against the Debtor for, among other things, denial of discharge pursuant to 11 U.S.C. §727(a)(2) and (a)(4), and maintains claims against Stephanie Arredondo, the Debtor's daughter, for recovery of a voidable transfer pursuant to 11 U.S.C. §§544 and 548. In addition to the claims set forth above, the Trustee may maintain claims for recovery against other initial, mediate or subsequent transferees of the transfer set forth in paragraph 3 above pursuant to 11 U.S.C. §550.

8.    The Debtor and Stephanie Arredondo dispute the position taken by the Trustee set forth above.

9.    The Debtor has a claim for monetary damages against an individual in Venezuela with a scheduled value of $0.00 (Amended Schedule B21), and an interest in FTT International Corp. with a scheduled valued at $0.00 (Schedule B13).

10.    The Debtor and Stephanie Arredondo have agreed to pay, and the Trustee has agreed to accept, the sum of $79,500.00 ("Settlement Sum") in full and final satisfaction of all claims against the Debtor and Stephanie Arredondo referenced herein, and for the Debtor's repurchase the estate's interest in the assets set forth in paragraph 9 above.

11.    The Settlement Sum of $79,500.00 shall be paid as follows:

(a).    A down payment in the amount of $37,500.00 due on or before December 1, 2015 followed by fifteen (15) monthly payments of $2,800.00 each commencing on March 1, 2016 and on the 1st of each month thereafter until paid in full.  The final payment is due on or before May 1, 2017; and

(b).    There shall be no grace period for any of the payments due under subsection (a) of this paragraph.

12.    As a material inducement to the Trustee entering into this agreement and as additional incentive for the Debtor and Stephanie Arredondo to perform their obligations under this agreement, FTT International Corp., a Florida Corporation (FEIN: xx4935), shall guarantee and be jointly and severally liable for the payments due to the Trustee under this agreement and submits to the jurisdiction of this Court.

13.    Until such time as the Debtor and Stephanie Arredondo fully satisfy their obligations under this agreement, including but not limited to making all payments set forth in paragraph 11 above, the Debtor shall not sell, transfer, encumber, return to lender or otherwise dispose of his 2014 Jeep Grand Cherokee, VIN: 1C4RJE864EC285562, and shall stay current with the monthly installment payments to the secured lender.

14.    In the event of a default resulting from any breach of this agreement, including but not limited to the failure of the Debtor and Stephanie Arredondo's to make payments to the Trustee pursuant to the payment terms set forth in paragraph 12 above, the Trustee shall provide the Debtor and Stephanie Arredondo with written notice of default.  The written notice of default shall be in the form of an email sent to Debtor's counsel at the email addresses set forth in paragraph 33 below.

15.    The Debtor and Stephanie Arredondo shall have ten (10) days from

3

receipt of written notice of default to cure said default. In the event the Debtor and Stephanie Arredondo fail to timely cure any default, the Trustee, upon the filing of a Motion for Default and after hearing on the Motion for Default, shall be entitled to entry of a Court order granting the following relief which the Debtor and Stephanie Arredondo consent to:

(a)     Denial or revocation of the Debtor's discharge, regardless of whether said discharge has been issued pursuant to paragraph 18 below.

(b)     The Debtor shall turnover to the Trustee, or the Trustee's designated agent, his 2014 Jeep Grand Cherokee, VIN: 1C4RJE864EC285562, within five (5) days of the entry of an Order determining the Debtor in default of this agreement for sale by the Trustee to apply to the outstanding amount due and owing under this agreement. In the event of a turnover, the Debtor waives any claimed exemptions in the net proceeds from the sale of the vehicle after satisfaction of any secured debt against the vehicle;

(c)     The Trustee shall be entitled to a fully executable final judgment against the Debtor, Stephanie Arredondo, and FTT International Corp., jointly and severally, in the amount of $79,500.00 less payments made at the time of the entry of the final judgment. Post judgment interest shall accrue at the current Florida state court post-judgment interest rate at 4.75%;

(d)     The Trustee shall be entitled to pursue claims under Chapter 5 of the bankruptcy code against any person or entity not a party to this agreement regarding the transfer set forth in paragraph 3 above, in addition to any other remedies available to the Trustee under the bankruptcy code and applicable non-bankruptcy federal law.

16.     Initial issuance of the Debtor's discharge will be withheld until the Debtor has timely made the first five monthly installment payments of $2,800.00 to the Trustee.

4

Within ten (10) days of receipt of the fifth monthly payment, and providing that all five payments were timely received by the Trustee, the Trustee shall file a "Notice of Compliance and Request for Entry of Discharge" with the Court in which the Trustee shall request that the Clerk of Court issue the Debtor his discharge.

17.     The United States Bankruptcy Court for the Southern District of Florida shall retain jurisdiction to construe, interpret and enforce the terms of this Agreement.

18.     This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida after notice and hearing to all creditors and other interested parties pursuant to F.R.B.P 2002 and 9019, and all applicable local rules.

19.     This Agreement shall be null and void, and of no further force and effect should the Court not approve this Agreement.

20.     This Motion and the Stipulation to Compromise Controversy are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

21.     The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, **85 B.R. 886 (Bankr. S.D.Fla. 1988)**. The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". **Id. at 891**, citing, *In re Teltronics Services, Inc.*, **762 F.2d 185, 189 (2nd Cir. 1985)**; *In re W.T. Grant Company*, **699 F.2d 599, 608 (2nd Cir. 1983)**. The Trustee believes that this settlement agreement more than complies with the legal principles relied upon within these authorities.

22.     The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

5

    i.    the probability of success in the litigation;

    ii.    the difficulties, if any, to be encountered in the matter of collection;

    iii.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    iv.    the paramount interest of the creditors and a proper deference to their reasonable view in the premises. ***In re Justice Oaks II, Ltd***, **898 F.2d 1544 (11th Cir. 1990).**

23.    This settlement is in the best interests of creditors of the estate and meets the applicable legal standards because the amount to be paid to the Trustee exceeds the amount of the transfer referenced in paragraph 4 above, and the Trustee does not believe based on his investigation that the Venezuelan account receivable or the Debtor's interest in FTT International Corp. have any net value to the estate. In addition, there are built in incentives for compliance by the Debtor under the settlement agreement including revocation of discharge, sale of the Debtor's vehicle, waiver of exemptions, and final judgments against the Debtor, his daughter and his business entity in the event of a default. Finally, assuming full compliance with the Stipulation, creditors with allowed claims can expect to receive a dividend of approximately 40%.

24.    Specifically addressing the Justice Oaks factors as to an avoidance action against the Debtor's daughter, while the Trustee is confident he would prevail with respect to an avoidance action against the Debtor's daughter to recover the transfer set forth in paragraph 4 above, the Debtor's daughter is only 23 years old, is a student, and is currently uncollectible and will presumably be uncollectable for the foreseeable future. As to the Debtor, while the Trustee is confident he would prevail in a denial of discharge action against the Debtor, there may be mitigating circumstances weighing in the Debtor's favor in such action relating primarily to ineffective assistance of counsel. The

Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate, as discussed above.

25.     Pursuant to the Stipulation, the Court shall retain jurisdiction to enforce the Stipulation as may be necessary.

WHEREFORE, the Trustee, Chad Paiva, respectfully requests that the Court enter an order approving the Stipulation to Compromise Controversy, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties on the mailing list below and all creditors and interested parties on the court matrix, this the 17th day of November, 2015.

**GREENSPOON MARDER, P.A.**

*/s/ Chad S. Paiva*
Chad S. Paiva, Esq.
Florida Bar No. 788686
Attorney for Trustee
525 Okeechobee Blvd. #1570
West Palm Beach FL 33401
(561) 227-0068
(561) 227-0069

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

In re:                                                    **Case No.:15-19165-JKO**
                                                          **Chapter 7**
**Roberto Arredondo**

                    **Debtor.**
_____/

### STIPULATION TO COMPROMISE CONTROVERSY BETWEEN
### CHAPTER 7 TRUSTEE, DEBTOR AND THIRD PARTIES

The Chapter 7 Trustee, Chad S. Paiva, and the Debtor, Roberto Arredondo, and

third parties, Stephanie Arredondo and FTT International Corp., hereby settle all matters

in controversy between them, and stipulate as follows:

### RECITALS

1.      Whereas, this case was commenced by the filing of a voluntary petition by

the Debtor on May 19, 2015.

2.      Whereas, Chad S. Paiva is the duly appointed and qualified chapter 7

Trustee in this case.

3.      Whereas, on or about April 13, 2015, 36 days before the petition in this

case was filed, the Debtor transferred $62,000.00 to his daughter, Stephanie Arredondo

(SS-xxx-xx-9062).  The Debtor testified that the transfer was made to his daughter for

college tuition, living and other expenses.

4.      Whereas, the transfer, which was discovered by the Trustee prior to the

initial meeting of creditors pursuant to 11 U.S.C. §341(a) scheduled for June 23, 2015,

was not disclosed by the Debtor on his initial schedules.

1

5.      Whereas, the Trustee takes the position that the transfer set forth in paragraph 3 above was a fraudulent transfer as defined in 11 U.S.C. §§548(a)(1) and 727(a)(2).

6.      Whereas, the Trustee takes the position that the Debtor made material and knowing false oaths and omissions regarding, among other things, the transfer set forth in paragraph 3 above, his income, and the value of and secured debt against his motor vehicle disclosed on Schedule B25

7.      Whereas, the Trustee takes the position that he maintains claims against the Debtor for, among other things, denial of discharge pursuant to 11 U.S.C. §727(a)(2) and (a)(4), and maintains claims against Stephanie Arredondo, the Debtor's daughter, for recovery of a voidable transfer pursuant to 11 U.S.C. §§544 and 548.  In addition to the claims set forth above, the Trustee may maintain claims for recovery against other initial, mediate or subsequent transferees of the transfer set forth in paragraph 3 above pursuant to 11 U.S.C. §550.

8.      Whereas, the Debtor and Stephanie Arredondo dispute the position taken by the Trustee set forth above.

9.      Whereas, the Debtor has a claim for monetary damages against an individual in Venezuela with a scheduled value of $0.00 (Amended Schedule B21), and an interest in FTT International Corp. with a scheduled valued at $0.00 (Schedule B13).

10.     Whereas, based on the recitals set forth above, the Trustee, and the Debtor and Stephanie Arredondo have agreed to fully settle and resolve all issues and disputes between them pursuant to the following terms and conditions:

2

## TERMS OF SETTLEMENT

11.     The Debtor and Stephanie Arredondo have agreed to pay, and the Trustee has agreed to accept, the sum of $79,500.00 ("Settlement Sum") in full and final satisfaction of all claims against the Debtor and Stephanie Arredondo, and to repurchase the estate's interest in the assets set forth in paragraph 9 above.  The Settlement Sum includes the Trustee's anticipated administrative expenses associated with the settlement of this matter.

12.     The Settlement Sum of $79,500.00 shall be paid as follows:

(a).     A down payment in the amount of $37,500.00 due on or before December 1, 2015 followed by fifteen (15) monthly payments of $2,800.00 each commencing on March 1, 2016 and on the 1st of each month thereafter until paid in full.  The final payment is due on or before May 1, 2017; and

(b).     There shall be no grace period for any of the payments due under subsection (a) of this paragraph.

13.     The check or other form of tender for all payments shall be payable to "Chad S. Paiva, Trustee" and delivered to the Trustee at 525 Okeechobee Blvd., Suite 1570, West Palm Beach, FL 33401.

14.     As a material inducement to the Trustee entering into this agreement and as additional incentive for the Debtor and Stephanie Arredondo to perform their obligations under this agreement, FTT International Corp., a Florida Corporation (FEIN: xx4935), shall guarantee and be jointly and severally liable for the payments due to the Trustee under this agreement and submits to the jurisdiction of this Court.

15.     Until such time as the Debtor and Stephanie Arredondo fully satisfy their obligations under this agreement, including but not limited to making all payments set

3

forth in paragraph 11 above, the Debtor shall not sell, transfer, encumber, return to lender or otherwise dispose of his 2014 Jeep Grand Cherokee, VIN: 1C4RJE864EC285562, and shall stay current with the monthly installment payments to the secured lender.

16.     In the event of a default resulting from any breach of this agreement, including but not limited to the failure of the Debtor and Stephanie Arredondo's to make payments to the Trustee pursuant to the payment terms set forth in paragraph 12 above, the Trustee shall provide the Debtor and Stephanie Arredondo with written notice of default. The written notice of default shall be in the form of an email sent to Debtor's counsel at the email addresses set forth in paragraph 33 below.

17.     The Debtor and Stephanie Arredondo shall have ten (10) days from receipt of written notice of default to cure said default. In the event the Debtor and Stephanie Arredondo fail to timely cure any default, the Trustee, upon the filing of a Motion for Default and after hearing on the Motion for Default, shall be entitled to entry of a Court order granting the following relief which the Debtor and Stephanie Arredondo consent to:

(a).     Denial or revocation of the Debtor's discharge, regardless of whether said discharge has been issued pursuant to paragraph 18 below.

(b).     The Debtor shall turnover to the Trustee, or the Trustee's designated agent, his 2014 Jeep Grand Cherokee, VIN: 1C4RJE864EC285562, within five (5) days of the entry of an Order determining the Debtor in default of this agreement for sale by the Trustee to apply to the outstanding amount due and owing under this agreement. In the event of a turnover, the Debtor waives any claimed exemptions in the net proceeds

4

from the sale of the vehicle after satisfaction of any secured debt against the vehicle;

(c).  The Trustee shall be entitled to a fully executable final judgment against the Debtor, Stephanie Arredondo, and FTT International Corp., jointly and severally, in the amount of $79,500.00 less payments made at the time of the entry of the final judgment.  Post judgment interest shall accrue at the current Florida state court post-judgment interest rate at 4.75%;

(d).  The Trustee shall be entitled to pursue claims under Chapter 5 of the bankruptcy code against any person or entity not a party to this agreement regarding the transfer set forth in paragraph 3 above, in addition to any other remedies available to the Trustee under the bankruptcy code and applicable non-bankruptcy federal law.

18.  Initial issuance of the Debtor's discharge will be withheld until the Debtor has timely made the first five monthly installment payments of $2,800.00 to the Trustee. Within ten (10) days of receipt of the fifth monthly payment, and providing that all five payments were timely received by the Trustee, the Trustee shall file a "Notice of Compliance and Request for Entry of Discharge" with the Court in which the Trustee shall request that the Clerk of Court issue the Debtor his discharge.

19.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.  Additionally, signature pages delivered by facsimile or via electronic mail in portable document format (.pdf) shall be deemed original.

20.  This Agreement constitutes the entire understanding and agreement between the Parties with respect to settlement of all matters in controversy, cancels all previous oral and written negotiations, commitments, and writings in connection

5

therewith, and can only be modified in writing by all parties to this Agreement.

21.    If any provision of this Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of any other provision of this Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for herein is illegal, void or unenforceable, the Parties agree, promptly upon the request of the other party hereto, to execute a release that is legal and enforceable.

22.    For purposes of construction, this Agreement shall be deemed to have been jointly drafted by the respective Parties and their counsel, and the rule of construction of contracts that ambiguities are construed against the drafting party shall not be applied against any person.

23.    Each of the Parties and signatories to this Agreement represents and warrants to each other party hereto that such party or signatory has full power, authority and legal right and has obtained all of the approvals and consents necessary, to execute, deliver and perform all actions required under this Agreement.

24.    This Agreement is binding upon, and shall inure to the benefit of, the Parties, and their respective heirs, executors, administrators, predecessors, successors and assigns, including any trustees, administrators, and committees.

25.    Each of the Parties hereto represents and warrants that it has carefully read this Agreement in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that it has consulted with independent counsel of its choice, who answered to its

6

satisfaction all questions that it had regarding this Agreement; that its undersigned representative is duly authorized to enter into this Agreement on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Agreement it is bound by the terms and conditions contained herein; and that it is signing this Agreement voluntarily and of its own free will.

26.    The parties to this Agreement understand that it must be noticed to all creditors and must be approved by the Court. In the event that it is not approved by the Court it shall be deemed null and void.

27.    All matters affecting the execution, interpretation, validity, and enforceability of this agreement shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

28.    The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

29.    The parties enter into this Agreement freely and voluntarily. Neither party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Agreement.

30.    All parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also

7

aware of what their rights would be in the absence of this Agreement.

31.     This Agreement shall be binding upon the parties hereto and shall also be binding upon and inure to the benefit of the heirs and successors of the respective parties.

32.     The recitals to this Agreement are incorporated into this Agreement and accepted and agreed to by all parties as though fully set forth in the body of this Agreement.  The fact that a particular provision of the body of this Agreement is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the parties and any other party bound by this Agreement.

33.     All notices and communications in the case shall be served on the respective parties and their attorneys by email at the following addresses:

> To the Trustee:
>
> Chad S. Paiva, Esq.
> 525 Okeechobee Blvd., Suite 1570
> West Palm Beach, FL 33401
> P: 561.762.4118
> E: chad.paiva@gmlaw.com
>
> To the Debtor and Stephanie Arredondo:
>
> Jose Blanco, Esq.
> Robert Sanchez, Esq.
> 355 W. 49th Street
> Hialeah, FL 33012
> P: 305.687.8008
> E: jblanco@bankruptcyclinic.com
> E: rsanchez@bankruptcyclinic.com

34.     The United States Bankruptcy Court for the Southern District of Florida shall retain jurisdiction to construe, interpret and enforce the terms of this Agreement.

8

35.    This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida after notice and hearing to all creditors and other interested parties pursuant to F.R.B.P 2002 and 9019, and all applicable local rules.

36.    This Agreement shall be null and void, and of no further force and effect should the Court not approve this Agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this Agreement on the date specified below.

_____
Roberto Arredondo, Debtor
319 New York Street
Hollywood, FL 33019
Date:_____

_____
Chad S. Paiva, Trustee
525 Okeechobee Blvd., #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:_____

Greenspoon Marder, P.A.

_____
Stephanie Arredondo, Party
319 New York Street
Hollywood, FL 33019
Date:_____

_____
Chad S. Paiva, Esq.
Attorney for Trustee
525 Okeechobee Blvd. #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:_____

FTT INTERNATIONAL CORP.

_____
By: Roberto Arredondo
Title: President
Date:_____

Law Office of Robert Sanchez, P.A.

_____
Jose Blanco, Esq.
Attorney for Debtor
355 W. 49th Street
Hialeah, FL 33012
P:  305-687-8008
Date:_____

9

35.    This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida after notice and hearing to all creditors and other interested parties pursuant to F.R.B.P 2002 and 9019, and all applicable local rules.

36.    This Agreement shall be null and void, and of no further force and effect should the Court not approve this Agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this Agreement on the date specified below.

Roberto Arredondo, Debtor
319 New York Street
Hollywood, FL 33019
Date:_____

Chad S. Paiva, Trustee
525 Okeechobee Blvd., #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:_____

Greenspoon Marder, P.A.

Stephanie Arredondo, Party
319 New York Street
Hollywood, FL 33019
Date: 11/05/2015

Chad S. Paiva, Esq.
Attorney for Trustee
525 Okeechobee Blvd. #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:_____

FTT INTERNATIONAL CORP.

By: Roberto Arredondo
Title: President
Date:_____

Law Office of Robert Sanchez, P.A.

Jose Blanco, Esq.
Attorney for Debtor
355 W. 49th Street
Hialeah, FL 33012
P: 305-687-8008
Date: 11/11/2015

9

STATE OF _____ )
                          ) SS:
COUNTY OF _____ )

　　　The foregoing instrument was acknowledged before me this _____ day of _____, 2015, by ROBERTO ARREDONDO, individually and as President of FTT INTERNATIONAL CORP.　He has produced _____ as identification, and took an oath.

_____
Print or Stamp Name: _____
Notary Public, State of _____
Commission No.:_____
My Commission Expires:_____


STATE OF _Florida_ )
                   ) SS:
COUNTY OF _Orange_ )

　　　The foregoing instrument was acknowledged before me this _5th_ day of _November_, 2015, by STEPHANIE ARREDONDO, individually.　She has produced _US Passport_ as identification, and took an oath.

Notary Public State of Florida
Christopher John Esposito
My Commission FF 010811
Expires 08/19/2017

_____
Print or Stamp Name: _Christopher John Esposito_
Notary Public, State of _Florida_
Commission No.:_FF010811_
My Commission Expires:_06/19/2017_

10

35.    This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida after notice and hearing to all creditors and other interested parties pursuant to F.R.B.P 2002 and 9019, and all applicable local rules.

36.    This Agreement shall be null and void, and of no further force and effect should the Court not approve this Agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this Agreement on the date specified below.

Roberto Arredondo, Debtor
319 New York Street
Hollywood, FL 33019
Date:

Chad S. Paiva, Trustee
525 Okeechobee Blvd., #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:

Greenspoon Marder, P.A.

Stephanie Arredondo, Party
319 New York Street
Hollywood, FL 33019
Date:

Chad S. Paiva, Esq.
Attorney for Trustee
525 Okeechobee Blvd. #1570
West Palm Beach, FL 33401
P: 561-227-2370
Date:

FTT INTERNATIONAL CORP.

By: Roberto Arredondo
Title: President
Date:

Law Office of Robert Sanchez, P.A.

Jose Blanco, Esq.
Attorney for Debtor
355 W. 49th Street
Hialeah, FL 33012
P:  305-687-8008
Date:

9

STATE OF _Florida_ )
) SS:
COUNTY OF _Miami Dade_ )

The foregoing instrument was acknowledged before me this _17_ day of _November_ 2015, by ROBERTO ARREDONDO, individually and as President of FTT INTERNATIONAL CORP. He has produced _F.D.H1085730571200_ as identification, and took an oath.

_____
Print or Stamp Name: _____
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

LOURDES CAMBÓ
MY COMMISSION # FF 246188
EXPIRES: September 8, 2019
Bonded Thru Notary Public Underwriters

STATE OF _____ )
) SS:
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 2015, by STEPHANIE ARREDONDO, individually. She has produced _____ as identification, and took an oath.

_____
Print or Stamp Name: _____
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

10

Label Matrix for local noticing
113C-0
Case 15-19165-JKO
Southern District of Florida
Fort Lauderdale
Tue Nov 17 11:30:25 EST 2015

Recovery Management Systems Corp
25 SE 2 Ave #1120
Miami, FL 33131-1605

U.S. Bank National Association
c/o Frenkel Lambert et al
One East Broward Blvd., Suite 1430
Fort Lauderdale, FL 33301-1806

Capital Acct
2120 Crestmoor Rd Suite 3001  Wesley Shu
Nashville, TN 37215-2613

Capital One
Po Box 30253
Salt Lake City, UT 84130-0253

Capital One Bank Usa N
15000 Capital One Dr
Richmond, VA 23238-1119

Chapel Trail Associates
c/o Russell D Kaplan
7951 SW 6 St #210
Plantation FL 33324-3276

Chapel Trail Associates, LLC
21011 Johnson Street 101
Pembroke Pines, FL 33029-1914

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193-8875

Credit Protection Asso
13355 Noel Rd Ste 2100
Dallas, TX 75240-6837

FGAP Investment Corp
P.O. Box 6484
Delray Beach, FL 33482-6484

Financial Credit Svcs
628 Bypass Dr
Clearwater, FL 33764-5024

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

Fst Nat Coll
610 Waltham Way
Sparks, NV 89434-6695

(p)GOLD KEY CREDIT INC
PO BOX 15670
BROOKSVILLE FL 34604-0122

Helvey & Associates
1015 E Center St
Warsaw, IN 46580-3420

Hillcrest Davidson & A
850 N Dorothy Dr Ste 512
Richardson, TX 75081-2794

Medicredit
Po Box 1629
Maryland Heigh, MO 63043-0629

Mortgage Electronic Registration Systems
1901 E Voorhees Street
Suite C
Danville, IL 61834-4512

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Professional Adjmnt Co
14410 Metropolis Ave
Fort Myers, FL 33912-4341

Quantum3 Group LLC as agent for
CP Medical LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Crown Asset Management LLC
PO Box 788
Kirkland, WA  98083-0788

Syncb/Gap
Po Box 965005
Orlando, FL 32896-5005

Synch/Sync Bank Card
C/O P.O. Box 965036
Orlando, FL 32896-0001

The Law Offices Of Mit
2222 Texoma Pkwy Ste 160
Sherman, TX 75090-2482

U.S. Bank National Association
c/o Frenkel, Lambert, Weiss & Gordon
1 E Broward boulevard
Suite 1430
Fort Lauderdale, FL 33301-1806

White Cap Construction Supply, Inc.
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., #1000
Orlando, Florida 32801-5403

White Cap Construction Supply, Inc.
c/o Tood Fredrick Kobrin, Esq.
Shutts & Bowen, LLP
300 N Orange Avenue #1000
Orlando, FL 32801

World Omni
Po Box 91614
Mobile, AL 36691-1614

Chad S. Paiva
trustee@gmlaw.com
525 Okeechobee Blvd., Suite 1570
West Palm Beach, FL 33401-6349

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

Roberto Arredondo
319 New York St
Hollywood, FL 33019-1432

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Goldkey Cred
625 Us Hwy, 1  Suite 102
Key West, FL 33040

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Delrayauto

End of Label Matrix
Mailable recipients    33
Bypassed recipients     1
Total                  34